| | | |
|---|---|---|
| From: | CMECF@ctd.uscourts.gov | AUG 15 2022 PM3:02 |
| Sent: | Tuesday, July 26, 2022 11:39 AM | FILED-USDC-CT-HARTFORD |
| To: | CMECF@ctd.uscourts.gov | |
| Subject: | Activity in Case 3:22-cv-00712-MPS Chyung v. Police Department of the City of Norwich Set Deadlines/Hearings | |

EXTERNAL EMAIL: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 7/26/2022 at 11:39 AM EDT and filed on 7/22/2022
**Case Name:**     Chyung v. Police Department of the City of Norwich
**Case Number:**   3:22-cv-00712-MPS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set Deadlines: Amended Complaint due by 8/15/2022 (Johnson, D.)**

**3:22-cv-00712-MPS Notice has been electronically mailed to:**

James Newhall Tallberg     jtallberg@kt-lawfirm.com, amattei@kt-lawfirm.com, aoliveira@kt-lawfirm.com

Patrick D Allen     PAllen@kt-lawfirm.com, amattei@kt-lawfirm.com, aoliveira@kt-lawfirm.com

Andrew James Glass     aglass@kt-lawfirm.com, amattei@kt-lawfirm.com, aoliveira@kt-lawfirm.com

**3:22-cv-00712-MPS Notice has been delivered by other means to:**

C. Eric Chyung
368666

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

C. ERIC CHYUNG
#368666

VS.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**]

CITY OF NORWICH, CT.
JOHN DOE(S)

Complete every section and **SIGN THE LAST PAGE.**

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. __✗__ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: C. ERIC CHYUNG
   b. Inmate Number: 368666
   c. Correctional facility: MACDOUGALL CI

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages. Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name: CITY of NORWICH, CT.
   b. Rank or Title:
   c. Workplace: CITY HALL 100 BROADWAY NORWICH, CT. 06360-4431

Rev. 3-18-22

2

2. Second Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title:
   c. Workplace: 

3. Third Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title:
   c. Workplace:

4. Fourth Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title:
   c. Workplace:

5. Fifth Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title:
   c. Workplace:

6. Sixth Defendant
   a. Full Name: JOHN DOE
   b. Rank or Title:
   c. Workplace:

**D. REASON FOR COMPLAINT** : Proceedural Error / Failure to Protect Property / Numerous Improprieties by Officals

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

3

Rev. 3-18-22

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

4

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Now describe your claims.

Statement of Case
1. SEE ATTACHMENT. HEADING & COMPLAINT. 4 pages

2.

3.

4.

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

**E.    REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must request a Writ of Habeas Corpus.

*See Attachment Headed as: Relief Sought*

6

F.   DO YOU WISH TO HAVE A JURY TRIAL?  YES __X__ NO_____

G.   DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this, or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at _Suffield, CT_ on _8/4/2022_
           (Location)              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

H.   FINAL INSTRUCTIONS

WARNING: Your complaint will not be filed unless you complete each of these steps:

1.   Answer all questions on the complaint form.

2.   Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all the steps above.

7

Rev. 3-18-22

C. ERIC CHYUNG      : UNITED STATES DISTRICT COURT
V,                  : DISTRICT OF CONNECTICUT
CITY OF NORWICH, CT. : AUGUST 4, 2022

On June 2, 2009 The City of Norwich, CT. Police Dept. did take into custody C. Eric Chyung who at that time was a resident at 257 Norwich Ave Taftville, CT.

Eric Chyung the plaintiff in this action was charged with a crime, processed, and incarcerated.

Immediately upon arrival to the plaintiff's residence, officer's of the Norwich, CT. police dept. began to systematically begin to take his personal property and violate all rights afforded him as a U.S. citizen by the Constitution. Jewelery, wallet, money, clothing were forcibly surrendered and never logged. Officially recording and storing property of a person upon taken into custody is mandatory Police procedure. This procedure was not performed. Through many attempts this said property has never been recovered. It is quite fair to say that due to it's value it was stolen by police officer's involved. They were the last known to touch it.

There were two sole occupants of the plaintiff's residence. Him and his wife she was deceased. All property was the plaintiff's. Property in garage or property was inquired about by a detective and he

1.

was informed that it's contents were also his.

Declared a crime scene it was in fact the scene of a horrific accident. Falsely charged and to this point NEVER having received a fair trial or competent representation in court the plaintiff is presently incarcerated.

Final attempt was made to locate property both on person and what was at last residence prior and up to April 25, 2019 these attempts have been ignored or simply treated with great disregard. The plaintiff throughout this time frame was completely accessible at the County Lockup.

The SPECIAL-DUTY DOCTRINE establishes clearly that the Norwich police had an assigned official capacity to protect the property at the plaintiff's residence. Contact him to specify when it would not be / could not be safe. Any and all property directly taken into their possesion was to be recorded and stored.

A report filed on 6/30/2009 by Officer Michael McKinney of The Norwich P.D. is one clear example of the departments assistance / involvement / permission of the property of the plaintiff.

2.

Sadly, a wedding present (pearl necklace) listed in said report was missing well before June 2, 2009. It was assumed by all that it was in fact stolen by one of the children of Paige. This document will be available as an exhibit as this action unfolds, more discovery is made available, and amendments to this complaint are submitted.

Please note the existing prejudice of law enforcement use of the word "homicide" but not specific as to type of and lead was the departments' ignorant and deficient investigation(s). The plaintiff was there and to this day a victim of law enforcement and a corrupt judicial system. He did not nor ever has caused anyone's death intentionally.

In conclusion the Norwich Police did assist in theft, possibly performed theft of property from the plaintiff's residence and did perform theft of property on his person. Possibly did aid in theft from a storage residence in Milford, CT. (19 Noble Ave). And did not follow procedure in protecting the plaintiff's Constitutional Fifth Amendment rights.

3

Did not make record of any seized property.

Submitted Respectfully,

By: C. Eric Chyung
pro se

4

## Relief Sought

Monetary restitution of the full values of the property listed or the return of any items listed upon inspection and approval.

① Pearl Drum Set w/ Sabian Cymbals $5,500.—
② CD COLLECTION $500.—
③ Fishing equipment $2,000.—
④ Minolta Camera Auto SLR 2 lenses $1500.—
⑤ Battery Charger Sears $300.—
⑥ Dewalt 12" Sliding Miter Saw w/ Rigid stand $1000.—
⑦ Leer Truck Cap / Tourney neo box $1500.—
⑧ Electronic H₂O Wood Meter $450.—
⑨ Leather belt with Tourquoise / bear claw buckle $1500.—
⑩ Tourquoise bracelet $500.—
⑪ Money Clip Zippo Stainless $75.—
⑫ Wallet leather w/ chain brown $50.—
⑬ Cash +/- $100.—

By: _____
C. ERIC CHYUNG
PRO SE

5.