UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| C. ERIC CHYUNG, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | Case No. 3:22cv712 (MPS) |
| : | |
| CITY OF NORWICH, et al., : | |
| : | |
|    *Defendants*, : | |

## **INITIAL REVIEW ORDER AND RULING ON DEFENDANT'S MOTION TO DISMISS**

The plaintiff, C. Eric Chyung, is a state prisoner who has filed an amended complaint, under 42 U.S.C. § 1983, against the City of Norwich ("City') and five "John Doe" police officers. ECF No. 18 at 2-4. The City has filed a motion to dismiss to which plaintiff has responded. ECF Nos. 28 and 38. Having carefully considered the parties' filings, I grant the City's motion and dismiss plaintiff's claim against the City. I also perform an initial review of the amended complaint as required by 28 U.S.C. 1915A and dismiss plaintiff's claims against the John Doe defendants.

## **PROCEDURAL HISTORY**

On May 13, 2022, plaintiff filed a civil lawsuit in state court against the City of Norwich Police Department ("NPD") alleging violations of his Fifth Amendment rights. ECF No. 1-2.[1] On May 27, 2022, the NPD removed this case to this Court. ECF No. 1.

On June 30, 2022, the NPD filed a motion to dismiss. ECF No. 13. Shortly thereafter I granted that motion on the ground that the NPD was not subject to suit under 42 U.S.C. § 1983. ECF No. 15. In my dismissal order, I permitted plaintiff to file an amended complaint naming

---

[1] I take judicial notice of the filing date from the state case's civil docket report, which is publicly available at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV225072999S.

parties against whom he could pursue § 1983 claims, *i.e.*, the City and its police officers. *Id.*

On August 15, 2022, plaintiff filed an amended complaint. ECF No. 18. This complaint's factual allegations are identical to those recited in the initial complaint. ECF Nos. 1-2 and 18. However, the amended complaint names the City (as opposed to the NPD) and five "John Does" (presumably NPD police officers) as defendants. ECF No. 18 at 3-4.

On September 19, 2022, the City filed a motion to dismiss the amended complaint. ECF No. 28. Although the City requests dismissal of the amended complaint "in its entirety," it incorrectly assesses itself to be "the only named defendant." *Id.* at 1. The motion to dismiss does not provide an explicit argument as to why the Court should dismiss plaintiff's claims against the five Doe defendants. Thus, this order will serve as a ruling on the City's motion to dismiss and the initial screening of a prisoner complaint required by 28 U.S.C. 1915A.

**THE AMENDED COMPLAINT**

I consider the facts alleged in the amended complaint to be true for purposes of deciding whether its claims should be dismissed. In addition to the facts alleged in the complaint, I take judicial notice of publicly accessible Connecticut state court records.

On June 2, 2009, plaintiff discharged a gun in his residence and, in so doing, killed his wife. *Connecticut v. Chyung*, 325 Conn. 236, 241 (2017). Plaintiff contends that he fired his gun unintentionally, and that his wife's death was a tragic accident. *Chyung*, 325 Conn. at 241; ECF No. 18 at 11. Nonetheless, plaintiff was arrested on homicide charges. *Chyung*, 325 Conn. at 239; ECF No. 18 at 9. Plaintiff was later tried and convicted on a charge of murder. *Chyung*, 325 Conn. at 244. Although this trial conviction was reversed by the Connecticut Supreme Court, *see id.* at 266, plaintiff subsequently pled guilty to murder and is currently serving a 25-year prison sentence. ECF No. 28-2 at 2.

When plaintiff was arrested on June 2, 2009, his residence contained personal property within it. ECF No. 18 at 9. Plaintiff alleges that police officers took some of this property without logging or storing it as evidence of a crime. *Id.* According to plaintiff, "it is quite fair to say" that this property "was stolen by police officers." *Id.*[2]

Though plaintiff has made "many attempts" to recover his missing property, none have been successful. *Id.* The complaint does not specify how plaintiff sought to recover his missing property. *Id.* at 10. But plaintiff generally asserts that his efforts were "ignored or simply treated with great disregard." *Id.* Plaintiff last attempted to locate and/or recover his missing property on April 25, 2019. *Id.*

Plaintiff also alleges that his wife's pearl neckless was stolen prior to his June 2, 2009, arrest. *Id.* at 11. But he attributes this theft to one of his wife's children, and it is not apparent how this allegation pertains to his § 1983 claims. *Id.*

Plaintiff contends that the actions of police officers violated his Fifth Amendment rights. *Id.* To remedy this constitutional violation, plaintiff seeks a restitution order of approximately $15,000. *Id.* at 13.

**LEGAL STANDARD**

To survive an initial screening undertaken pursuant to 28 U.S.C. § 1915A, or a motion to dismiss filed under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The

---

[2] Some of the allegedly stolen property (jewelry) belonged to plaintiff's wife. ECF No. 18 at 9. Plaintiff contends that these possessions passed to his sole ownership upon his wife's death. *Id.*

3

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* (*citing Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the nonmovant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Shchult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets, internal quotation marks, and citations omitted).

**DISCUSSION**

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of federally protected rights. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). In his amended complaint, plaintiff brings § 1983 claims asserting violations of his Fifth Amendment rights. ECF No. 18 at 11.

The City moves for dismissal on three grounds. First, it asserts that plaintiff's claims were filed beyond an applicable limitations period. Second, it contends that plaintiff seeks to hold it liable for constitutional violations on an untenable theory of *respondeat superior*. And, third, it asserts that plaintiff has not alleged facts sufficient to establish a viable *Monell* claim. ECF No. 28 at 1.

I begin my review of the amended complaint with the claims plaintiff brings against the

4

John Doe defendants. Next, I evaluate whether plaintiff has asserted a viable *Monell* claim against the City. Ultimately concluding that plaintiff has not pled any cognizable § 1983 claims, I reach no conclusion on the City's argument that plaintiff's claims are time barred.

**Claims Against the Doe Defendants**

Plaintiff alleges that yet-unidentified police officers violated his Fifth Amendment rights by stealing, or negligently losing, his personal property. ECF No. 18 at 11. Given the nature of his allegations, it is not clear whether plaintiff intends to assert a violation of the Fifth Amendment's Due Process or Takings Clause.

If plaintiff means to assert a violation of his Fifth Amendment due process rights, his claim fails because "[t]he Due Process Clause of the Fifth Amendment applies only to actions by the United States government and federal employees." *Solomon v. City of Rochester*, 449 F. Supp. 3d 104, 113 (W.D.N.Y. 2020) (internal quotation marks and citation omitted). "Any due process rights [a] plaintiff enjoys as against" non-federal officials "arise solely from the Fourteenth Amendment due process clause." *Mitchell v. Home*, 377 F. Supp. 2d 361. 372-73 (S.D.N.Y. 2005).

If plaintiff means to bring a Fifth Amendment takings claim, it fails because the Takings Clause prohibits governmental authorities from taking property "for public use without just compensation." U.S. Const. amend. V. When police officers steal or lose a citizen's personal property there is no "public use" of property implicating the Fifth Amendment. *See Gauthier v. Kirkpatrick*, 2013 WL 6407716 at *7 n. 8 (D. Vt. Dec. 9, 2013) (dismissing the possibility of a cognizable takings claim because the plaintiff alleged that his "personal property was stolen, not taken by the government for 'public use.'")

Although plaintiff has asserted a violation of the Fifth Amendment, he may have intended

5

to assert a violation of his Fourteenth Amendment due process rights. As previously noted, the Fourteenth Amendment is applicable to the conduct of municipal employees. However, "a procedural due process claim under the Fourteenth Amendment for the negligent or intentional deprivation of property is not cognizable under § 1983 where there exist adequate state law post-deprivation remedies." *Cole v. Gonce*, 3:19-cv-978 (VAB), 2020 WL 1640132 at *3 (D. Conn. April 2, 2020); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In Connecticut, a party alleging that police officers stole his or her property may bring a state tort claim against those officers. *See Deming v. Nationwide Mut. Ins. Co.*, 279 Conn. 745, 770 (2006) ("The tort of conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." (Brackets, internal quotation marks, and citation omitted)); *see also* Conn. Gen. Stat. § 54-36a (procedure for return of property seized by police). Because plaintiff has not alleged facts suggesting that Connecticut's post-deprivation of property remedies are inadequate or unavailable, any Fourteenth Amendment due process claim that plaintiff intended to bring against the Doe defendants fails.

In sum, plaintiff has not alleged facts permitting an inference that police officers violated his Fifth or Fourteenth Amendment rights. Accordingly, I dismiss all claims brought against the Doe defendants. *See* 28 U.S.C. § 1915A(b)(1).

**Claims Against the City**

In *Monell v. New York City Dept. of Social Services*, the U.S. Supreme Court ruled that a municipality may be sued under § 1983 when an "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Id.*, 436 U.S. 658, 690 (1978). However,

6

"*Monell* does not provide a separate cause of action" to a § 1983 plaintiff. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Rather, "it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Id.*

Because plaintiff has not pled facts establishing an "underlying constitutional violation" committed by the City's police officers, it necessarily follows that he has pled no cognizable claim against the City. *See id.* And, even if he had pled a constitutional violation, plaintiff has not alleged facts permitting an inference that any such violation was caused by a policy, custom, or failure to train attributable to the City. As the City notes in its motion to dismiss, plaintiff appears to bring his *Monell* claim on a legally untenable theory of *respondeat superior* liability. ECF No. 28-1 at 7-12; *see Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") Thus, I grant the City's Motion to Dismiss.

## CONCLUSION

The City's Motion to Dismiss, [**ECF. No. 28**], is **GRANTED** and all claims brought against the City are **DISMISSED**. All claims brought against the John Doe defendants are **DISMISSED** under 28 U.S.C. § 1915A(b)(1). Because any further attempt to plead cognizable claims based on the facts alleged would be futile, these dismissals are with prejudice. The Clerk is directed to enter judgment for the defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 5th day of May 2023.

/s/
Michael P. Shea, U.S.D.J.